

Motion denied without prejudice to renewal following the procedure of my Individual Rule 2E.  Plaintiff must respond at the foot of the same document within seven days following receipt of defendant's letter, and submission to me must be made within three days thereafter.

SO ORDERED.

/s/ Alvin K. Hellerstein
December 6, 2021

**GEORGIA M. PESTANA**

*Corporation Counsel*

T<small>HE</small> C<small>ITY OF</small> N<small>EW</small> Y<small>ORK</small>
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**W. Simone Nicholson**
*Special Assistant Corporation Counsel*
Office: (212) 356-2394
Mobile: (646) 391-6899

December 3, 2021

**VIA ECF**
Hon. Alvin K. Hellerstein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    *S.M. v. Dep't of Educ.* 21-cv-5750 (AKH)(RWL)

Dear Judge Hellerstein:

      I am a Special Assistant Corporation Counsel in the office of Corporation Counsel, Georgia M. Pestana, attorney for Defendant in the above-referenced action wherein Plaintiff seeks solely attorneys' fees, costs and expenses for legal work on an administrative hearing under the Individuals with Disabilities Education Act, 20 U.S.C. 1400, et. seq., as well as for this action.

      I write to respectfully request (1) an order compelling counsel to provide relevant attorney billing records no later than December 9, 2021, and (2) a stay of this action, pending further order of the Court, and an order compelling Plaintiff to produce the billing records at issue in this case by December 9, 2021, with a joint status letter due by March 9, 2022, informing the Court that the matter has been fully resolved, or, proposing a briefing schedule for a simple fees motion (specifically not a Rule 56 motion, as liability is not at issue, rather the reasonableness of the fees sought), or, in the alternative, that Defendant's time to respond to the complaint be extended 90-days, i.e., March 9, 2022.  We note that no discovery is needed in this case, and these IDEA fees-only cases are almost always resolved without the need for any Court intervention.

      Despite our best efforts, Plaintiff's counsel has not provided Defendant with the relevant attorney billing records, preventing settlement.  On August 6 and October 4, 2021 (ECF 10 and 12, respectively), Your Honor granted 60-day extensions of Defendant's time to respond to the complaint, which reflected Defendant's need for billing records to properly facilitate a settlement with Plaintiff; our answer is now currently due on December 6, 2021.  Despite requests made to Plaintiff's counsel on July 26, August 13, August 25, October 18 and November 22, 2021, no records have been produced to date, preventing Defendant from initiating the settlement process.

      Despite the many dozens of requests from this office, over the past twelve months, in many similar cases brought by Plaintiff's firm, Counsel continues to fail to provide the records in most of these cases unless and until Defendant seeks orders to compel and to stay, or informs counsel that Defendant is on the verge of so moving.  Recently, many judges on the Southern District bench have

ordered the Roller firm to provide billing records to this office, and have also imposed 90-day stays to enable Defendant to prepare the cases for settlement negotiations. *See,* Order dated May 19, 2021 in *K.R. v. N.Y.C. Dep't of Educ.*, 21-cv-2299(JPC)(SN)(ECF 11); Order dated May 20, 2021 in *P.F. v. N.Y.C. Dep't of Educ.*, 20-cv-10513(JPC)(BCM)(ECF 16); *J.W. obo M.W. v. N.Y.C. Dep't of Educ.*, 21-cv-2300(GHW)(KNF)(ECF 12). Indeed, there is now a substantial collection of Orders issued by judges of this District staying these cases and compelling the Roller firm to produce "contemporaneous" billing records to the defendant so that the matters can be settled.[1]

By way of background, the overwhelming majority of fee claims following IDEA administrative proceedings are resolved amicably between plaintiff's counsel and the DOE, without the need for federal action. The small portion of fee claims (less than 10% of those presented to the DOE) that do not resolve through settlement with the DOE, once a federal action is filed, are routinely settled without further litigation following negotiations between plaintiff's counsel and the New York City Law Department (with final approval by the New York City Comptroller). A small fraction of the federal filings do not settle and go to motion practice, and almost all cases where the Cuddy Law firm represents the Plaintiff. This case as well as many others filed by the Roller firm, is an outlier in that Plaintiff's counsel never sought to reach a resolution with the DOE or the Law Department before filing this suit. Additionally, the Roller firm typically—and inexplicably—waits until the very last day of the three-year statue of limitations to file the federal claim.

We do not understand Plaintiff's delay. The records at issue are required to be prepared *contemporaneously* with the work Plaintiff's counsel performs related to this and the underlying administrative proceeding. On September 11, 2020, Judge Woods voiced concern over a delay similar to the one at issue here:

> "As a brief aside for counsel for plaintiff [Ms. Roller], if you are running these cases, the underlying hearings, if you're keeping *contemporaneous* time records as you go while litigating the case, the process of presenting the records shouldn't be much more than pressing "print". What's the impediment here? The obligation is to create and maintain contemporaneous time records, which would be what you would be presenting to the Court. *I expect, if you were to be litigating this in front of me, you would not be recreating your time records or reconstructing them. Instead, you would be printing out the contemporaneous time records, meaning records that you had made at the time of the representation.* So it's not really clear to me why it would be that there is a time lag involved in the presentation of these records if indeed you are, as you are supposed to when you present motions to the Court, presenting contemporaneous

---

[1] Judge Failla noted Ms. Roller's *modus operandi* of unresponsiveness, and issued an order to compel production of billing records in another IDEA fees-only case brought by the Roller firm:
> The Court has been waiting to see if Plaintiff would file any sort of response to Defendant's letter. However, given that any such response would have been due yesterday, and given the Court's familiarity with Ms. Roller's *modus operandi*, the Court will GRANT Defendant's requests. This action is hereby STAYED through December 25, 2020.

*See A.K. v. NYC Dep't of Educ.*, 21-cv-4428 (KPF)(DCF)(ECF 14); *G.S. obo D.S. v. NYC Dep't of Educ.*, 20 cv-10729 (GHW)(DCF) (ECF No. 15); *J.K. et. al. v. NYC Dep't of Educ.*, 20-cv-10514 (JPC)(SN)(ECF No. 8); *J.S. v. N.Y.C. Dep't of Educ.*, 20-dv-2105 (PAE)(JLC) (ECF No. 10); *F.S. v. NYC Dep't of Educ.*, 20-cv-4538 (KPF)(OTW)(ECF No. 9); *J.J. v. NYC Dep't of Educ.*, 20-cv-05214 (JGK)(SDA)(ECF No. 7); *M.D. v. NYC. Dep't of Educ.*, 20-cv-00694 (CM)(DCF)(ECF No. 14); *H.D. v. NYC Dep't of Educ.*, 20 cv-2238 (KPF)(GWG)(ECF No. 14); *I.O. v. NYC Dep't of Educ.*, 20-cv-5061(PAC)(SN)(ECF No. 6).

time records." *See* Judge Woods in *S. T. v. N.Y.C. Dep't of Educ.*, 20-cv-3816 (GHW)(RWL)(emphasis added).

Defendant believes that if attorneys' billing records are provided, the parties have a very high likelihood of fully resolving this matter within 90 days. Indeed, my office has resolved all but one of the many dozens of cases seeking solely IDEA fees brought by the Roller firm without any motion practice. Therefore, Defendant respectfully requests that this action be stayed until further order of the Court, that Plaintiff's counsel be directed to provide the billing records no later than December 9, 2021, that a joint status letter shall be due by March 9, 2022, or, in the alternative that Defendant's deadline to respond to the complaint be extended 90-days to be due on March 9, 2022.

Thank you for considering these requests.

                                                          Respectfully submitted,

                                                          Simone Nicholson
                                                            /s/
                                                          Special Assistant Corporation Counsel

cc:      Irina Roller (via ECF)